# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: August 28, 2020)

```
* * * * * * * * * * * * *
DEVON NICOLE INGBER,          *   UNPUBLISHED
                              *   No. 18-1061V
        Petitioner,           *
                              *
v.                            *   Special Master Dorsey
                              *
                              *   Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
                              *
        Respondent.           *
* * * * * * * * * * * * *
```

Sol P. Ajalat, Ajalat & Ajalat, LLP, North Hollywood, CA, for petitioner.
Mallori B. Openchowski, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 19, 2018, Devon Nicole Ingber ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that as a result of receiving human papillomavirus vaccinations ("HPV") on November 10, 2010, June 15, 2011, and August 9, 2015, as well as a meningococcal vaccine on August 9, 2015, she suffered an autoimmune illness "differentially diagnosed as Postural Orthostatic Tachycardia Syndrome ("POTS") and also Transverse Myelitis ("TM")." Petition at Preamble (ECF No. 1). On September 23, 2019, petitioner filed a motion for

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

judgment on the administrative record. (ECF No. 21). Following briefing, the undersigned issued her decision denying entitlement on December 30, 2019. (ECF No. 26).

On April 24, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 30). Petitioner requests compensation in the amount of $43,174.90, representing $43,174.90 in attorneys' fees and $0.00 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred any costs of $900.00 in pursuit of this litigation. *Id.* at 2. Respondent declined to file a response thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $22,487.45.

**I.     Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).

**a.    Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

Petitioner requests final attorneys' fees of $43,174.90 for work performed by her counsel, Mr. Sol Ajalat. This amount requires a significant reduction due to the lack of supportive evidence, reflecting  issues with the quality of the work performed. The undersigned notes the significant concerns she had reviewing the evidence in this case. Nowhere in petitioner's medical records is there a mention of POTS, as even a possible or differential diagnosis. Ingber v. Sec'y of Health & Human Servs., No. 18-1601V, 2019 WL 7818779, at *4 (Fed. Cl. Spec. Mstr. Dec. 30, 2019). Further, although petitioner's records indicate that doctors considered a differential diagnosis of TM, further testing performed revealed that petitioner did not have TM. Id. Lastly, petitioner's vague references to having a "vaccine-related autoimmune condition" were unavailing because petitioner's own records indicated that there was nothing to suggest an active underlying systemic autoimmune disease or inflammatory polyarthritis. Id. at 5. Petitioner's motion for judgment on the record also offered nothing in the way of any argument advancing her case under any of the Althen prongs. Id. at 5-6.

The undersigned further notes that petitioner represented to the Court that expert opinions would be filed, but she then failed to file any expert reports. On April 9, 2019, petitioner filed a response to respondent's status report indicating that "[d]ue to the complexity and other factors related to petitioner's disease process expert medical reports will be required." (ECF No. 15). Petitioner was ordered by the Court to file an expert report on April 17, 2019. Despite obtaining an extension of time until September 30, 2019, petitioner never filed a report. A review of the submitted billing records indicates that counsel only expended 0.2 hours (or twelve minutes) on e-mails to and from potential experts. This amount of time does not suggest that petitioner undertook significant efforts to obtain an expert review. Further, the lack of time spent pursuing an expert review raises questions about petitioner's representation to the Court regarding her intention to obtain expert opinions.

Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522; see also Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 406 (1997) (noting that "[t]he special master reduced the number of hours based on a comparison of the length and complexity of this case with other Vaccine Program precedent. This was appropriate."). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided. Abbott v. Sec'y of Health & Human Servs., 135 Fed. Cl. 107,111 (2017). Special

masters need not explain how many hours are appropriate. Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. 691, 702 (2016).

For the reasons stated above, the undersigned finds it necessary to reduce the final award of attorneys' fees by 50%. Petitioner is awarded final attorneys' fees of $21,587.45.[3]

### b. Petitioner's Costs

Petitioner warrants that she has personally incurred out-of-pocket costs of $900.00 in this case. This amount is comprised of photocopies of medical records and the Court's filing fee. The undersigned finds these costs to be reasonable and they shall be reimbursed fully.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $43,174.90 |
| (Total Reduction from Billing Hours) | - ($21,587.45) |
| **Total Attorneys' Fees Awarded** | **$21,587.45** |
| | |
| Attorneys' Costs Requested | $0.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$0.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$21,587.45** |
| | |
| **Petitioner's Costs** | **$900.00** |
| | |
| **Total Amount Awarded** | **$22,487.45** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum of $21,587.45, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Sol Ajalat; and**

2) **a lump sum of $900.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[3] In awarding petitioner attorneys' fees, the undersigned is not reaching a determination at this time as to whether the hourly rates requested by counsel are reasonable.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.